NUMBER 13-08-00741-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

ADAM FUENTES, Appellant, 

 

v.



THE STATE OF TEXAS, Appellee. 

_____________________________________________________________


On appeal from the 117th District Court 


of Nueces County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion Per Curiam


 Appellant, Adam Fuentes, attempted to perfect an appeal from a conviction for
burglary of a habitation. We dismiss the appeal for want of jurisdiction.

 Sentence in this matter was imposed on March 14, 2008, counsel filed a motion for
new trial on April 10, 2008, and notice of appeal was filed on June 17, 2008. On August
10, 2009, the Clerk of this Court notified appellant that it appeared that the appeal was not
timely perfected. Appellant was advised that the appeal would be dismissed if the defect
was not corrected within ten days from the date of receipt of the Court's directive. By
response filed on August 17, 2009, counsel indicated that although appellant's notice of
appeal was filed during the fifteen day grace period, a motion requesting an extension of
time to file the notice of appeal was not made. 

 Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when
notice of appeal is filed within thirty days after the day sentence is imposed or suspended
in open court unless a motion for new trial is timely filed. Tex. R. App. P. 26.2(a)(1). Where
a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days
after the sentence is imposed or suspended in open court. Tex. R. App. P. 26.2(a)(2). The
time within which to file the notice may be enlarged if, within fifteen days after the deadline
for filing the notice, the party files the notice of appeal and a motion complying with Rule
10.5(b) of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 26.3.

 Appellant timely filed a motion for new trial. Therefore, his notice of appeal was due
to have been filed on or before June 12, 2008. See Tex. R. App. P. 26.2(a)(2). Appellant
did not file a motion for extension of time to file his notice of appeal as permitted by Texas
Rule of Appellate Procedure 26.3 and did not file his notice of appeal until June 17, 2008.

 This Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a
timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the
merits of the appeal in a criminal case and can take no action other than to dismiss the
appeal for want of jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App.
1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ
of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the
availability of that remedy is beyond the jurisdiction of this Court. See Tex. Code Crim.
Proc. Ann. art. 11.07, § 3(a) (Vernon 2005); see also Ex parte Garcia, 988 S.W.2d 240
(Tex. Crim. App. 1999).

 The appeal is DISMISSED FOR WANT OF JURISDICTION. PER CURIAM

Do not publish. 

See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 25th day of August, 2009.